**E-FILED**
Tuesday, 22 January, 2008  10:25:11 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **LAWRENCE STEVENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-2180** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**OPINION**

This matter is before the court on Petitioner's Motion for Return of Property Seized by the

Government (#1).  On November 28, 2006, this court entered an Order (#83) in Petitioner's criminal

proceeding (Case No. 02-CR-20037) denying Petitioner's pro se Motion for Return of Property.

Petitioner appealed the denial and on August 31, 2007, the Seventh Circuit Court of Appeals vacated

the denial of the motion and remanded the matter to this court.  On October 1, 2007, Petitioner's

Motion for Return of Property Seized by the Government (#1) was docketed and assigned a civil

case number.  On October 29, 2007, the Government filed a Response to the Petitioner's Motion for

Return of Property (#3).[1]  Petitioner filed a Reply (#6) to the Motion on December 3, 2007.  Based

---

[1]  Petitioner has filed a Motion to Strike (#5) this Response, arguing the Response is
"based on hearsay and unsupported allegations."  The Government submitted the sworn affidavit
of FBI Special Agent Jeffrey Warren and various court documents with its response.  The court
has considered only relevant and admissible evidence in ruling on Petitioner's Motion for Return
of Property.  Accordingly, the Motion to Strike (#5) is DENIED.

upon this court's review of the evidence presented, Petitioner's Motion for Return of Property is DENIED.

## FACTS

On May 3, 2002, Petitioner was charged by indictment with possession of five or more grams of cocaine base ("crack") with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The charges arose after two armed men robbed the Land of Lincoln Credit Union in Decatur, Illinois. The robbers obtained $113,000. One of the suspected robbers, Alban Woods, was later found murdered. Investigators believed Petitioner to be involved in the robbery and murder. As a result, the Macon County Sheriff's Department obtained a search warrant for the residence in which Petitioner was staying. After executing the search warrant, investigators seized crack cocaine, firearms, a postal scale, a cellular phone, currency, and two vehicles which Petitioner purchased in the days following the robbery.

On August 7, 2002, following a jury trial, Petitioner was found guilty on all three counts. On January 3, 2003, Petitioner was sentenced to a term of 327 months' imprisonment on the first two counts of the indictment to be served concurrently. Petitioner was sentenced to a term of life imprisonment on the third count of the indictment, to be served consecutive to the term imposed on the other two counts. Petitioner appealed his conviction, and the Seventh Circuit Court of Appeals affirmed the conviction on October 1, 2004. On August 19, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On February 15, 2007, this court denied Petitioner's motion. After Petitioner filed a notice of appeal, both this court and the

Seventh Circuit Court of Appeals denied Petitioner's motions for certificate of appealibility.

On November 6, 2006, Petitioner filed a motion for return of property seized by the Government as part of the criminal proceedings. The Government filed its Response on November 27, 2006, indicating it was no longer in possession of any of the property seized from Petitioner. Based upon these representations, this court denied the motion on November 28, 2006. On December 22, 2006, Petitioner filed a reply to the motion setting forth the property he wanted to have returned, including $49,317 in United States currency, a Lincoln Town Car, a Buick Roadmaster, a cellular telephone, a gold chain, a gold bracelet, a gold watch, an earring, three rings, a mink coat, a mink hat, clothing which was located in the trunk of the Lincoln Town Car, a pager, and various DVDs. This court found after reviewing the reply that Petitioner was still not entitled to any relief.

On January 8, 2007, Petitioner filed a notice of appeal from the denial of his Motion for Return of Property. On August 31, 2007, the Seventh Circuit Court of Appeals vacated this court's judgment and remanded the matter. The Seventh Circuit indicated that on remand this court should "receive evidence and make the appropriate factual findings with respect to the current status of the property Mr. Stevens seeks to recover." United States v. Stevens, 500 F.3d 625, 629 (7th Cir. 2007). The Seventh Circuit pointed out that the court need not conduct an evidentiary hearing and evidence could come in the form of "sworn affidavits or documents verifying the chain of custody of particular items." Stevens, 500 F.3d at 628 . Thereafter, this court directed the clerk to file Petitioner's Motion for Return of Property as a civil matter. The court further directed the Government to respond to the motion with evidence to support its assertion that it no longer possesses the property sought by Petitioner. The Government filed its Response (#3) on October

29, 2007.  Petitioner filed a Reply (#6) on December 3, 2007.

ANALYSIS

Motions for Return of Property are governed by Federal Rule of Criminal Procedure 41(g)

which states:

> A person aggrieved by an unlawful search and seizure of property or by the
>
> deprivation of property may move for the property's return.  The motion must be
>
> filed in the district where the property was seized.  The court must receive evidence
>
> on any factual issue necessary to decide the motion. . . .

The Third Circuit has held that where "'the government asserts that it no longer has the property

sought, the District Court must determine, in fact, whether the government retains possession the

property; if it finds the government no longer possesses the property, the District Court must

determine what happened to the property.'"  United States v. Albinson, 356 F.3d 278, 281 (3rd Cir.

2004), quoting United States v. Chambers, 192 F.3d 374, 378 (3rd Cir. 1999).  The court "need not

necessarily conduct an evidentiary hearing."  Albinson, 356 F.3d at 281.  Rather, the court may rely

on affidavits.  Albinson, 356 F.3d at 282.   However, an evidentiary hearing is necessary on "'any

disputed issue of fact necessary to the resolution of the motion.'"  Albinson, 356 F.3d at 282,

quoting Chambers, 192 F.2d at 378.

As concerns the currency sought by Petitioner, the Government indicates in its Response that

two plastic bags containing $15,755, a black garbage bag containing $1,580, and a plastic bag

containing $31,982 were seized.  These items were introduced at Petitioner's trial.  The Government

has submitted the affidavit of FBI Special Agent Jeffrey C. Warren with its Response.  Warren

indicates in his affidavit that, at the conclusion of the trial, he withdrew the exhibits from the court

and took possession of them. Warren states that he turned over exhibits 14 and 15 (representing $17,335 of the currency) to the Macon County Sheriff's Department for state forfeiture proceedings. Warren states that $17,331 of the currency was forfeited in Macon County Circuit Case Number 06-MR-96.[2] The Government also submitted the docket sheet from the Macon County case which indicates an order of forfeiture for $17,331 was entered. Warren further states that he returned Exhibit 16 (representing $31,982 of the currency) to the Land of Lincoln Credit Union because Stevens acknowledged it represented proceeds from the robbery of the credit union.

As concerns the Buick Roadmaster and Lincoln Town Car, the Government correctly indicates that these vehicles were judicially forfeited in civil case number 02-CV-2198 before this court. This court entered a Corrected Default Judgment (#15) in that case on February 11, 2004. In that order, this court found there was probable cause to believe that the Lincoln Town Car constituted proceeds traceable to the exchange of controlled substances. The court further found that there was probable cause to believe that the Buick Roadmaster was subject to forfeiture to the United States of America because the property represented the proceeds of the credit union robbery. The order provided that the vehicles were to be disposed of by the United States Marshal Service in accordance with the law. Warren indicates in his affidavit that these vehicles were sold at auction following the entry of default judgment in the civil action.

The Sprint Samsung cellular telephone was admitted as Exhibit 12 at Petitioner's trial. On February 23, 2005, the Clerk of the Court sent a letter to Assistant United States Attorney Eugene Miller, the prosecutor in Petitioner's criminal matter, indicating that the Government's exhibits,

---

[2] Warren further states that he is unsure why $4 of the $17,335 was not forfeited, but he turned the entire amount over to the Macon County Sheriff's Department.

including Exhibit 12, would be destroyed if the Government did not make arrangements to pick the

exhibits up from the Clerk's office by March 7, 2005.  Pursuant to Federal Rule of Evidence 201,

this court takes judicial notice that it is the policy of the Clerk of the Court's office to destroy

exhibits at the conclusion of a case when the attorneys which present them do not claim them after

being notified that the exhibits will be destroyed if not picked up.  Warren states in his affidavit that

no agent of the Federal Bureau of Investigation ever withdrew the cellular telephone from the court

once it was admitted into evidence.  Based upon the affidavit of Warren that the United States did

not withdraw the exhibit from the Clerk's office and based upon the letter from the Clerk's office

indicating it would destroy items which were not picked up by March 7, 2005, this court concludes

that the cellular telephone has been destroyed.

The remaining items sought by Petitioner include a gold chain, a gold bracelet, a gold watch,

an earring, three rings, a mink coat, a mink hat, clothes located in the trunk of the Lincoln Town Car,

a pager, and an assortment of DVDs.  None of these items were introduced as exhibits at Petitioner's

trial.  Warren states in his affidavit that no agents of the FBI ever seized any of these items or took

custody of the items.  Warren states that "[n]o such items are in the custody of the Federal Bureau

of Investigation or any other federal agency of which I am aware."  There is no evidence before the

court to indicate that the Government ever had possession of any of these items.  Therefore, based

on the affidavit of Special Agent Warren, the court concludes the United States is not in possession

of any of these items.

In his Reply to the Government's Response, Petitioner fails to rebut any of the evidence

presented by the Government.  Rather, in his attached affidavit, Petitioner takes issue with whether

he confessed as to the origin of any of the currency that was seized.  However, that issue is not

before the court.  "[T]he fact that the government doesn't have [the property sought in a Rule 41(g) motion] is ordinarily a conclusive ground for denial of the motion."  <u>Okoro v. Callaghan</u>, 324 F.3d 488, 492 (7th Cir. 2003).  Based upon the facts before the court and having concluded above that the Government is not in possession of any of the items sought by Petitioner, the Motion for Return of Property must be DENIED.


IT IS THEREFORE ORDERED:

     (1) The Motion for Return of Property (#1) is DENIED.

     (2) Petitioner's Motion to Strike (#5) is DENIED.

     (3) This case is terminated.

ENTERED this 22nd day of January, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE